UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NO: |
| | ) | 4:25-CR-0093-2 |
| STACEY DAWN KELLEY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON DEFENDANT STACY KELLEY'S MOTION TO FILE MOTIONS FOR AUTHORIZATION OF FUNDS TO RETAIN EXPERT WITNESSES *EX PARTE* AND UNDER SEAL

Defendant Stacey Dawn Kelley has filed a Motion to File Motions for Authorization of Funds to Retain Expert Witnesses *Ex Parte* and Under Seal, under 18 U.S.C.A. § 3006A(e)(1) and Local Criminal Rule 49.1.

This Order shall not be filed under Seal.

However, the Court Orders that Ms. Kelley's Motion to File Motions for Authorization of Funds to Retain Expert Witnesses is to be filed UNDER SEAL and the Clerk shall maintain that entry *EX PARTE*.

The right of access to judicial records pursuant to common law is well-established. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *see also Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and the copying of court records and documents. *Nixon*, 435 U.S. at 597. The right to access, however, is not absolute. *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457

1

U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). In balancing the interests, courts consider, among other things,

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005). Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon*, 435 U.S. at 598). Here, given the relief sought in the Motion to File Motions for Authorization of Funds to Retain Expert Witnesses, filing that document on the public docket would abridge Ms. Kelley's work-product privilege. Accordingly, Ms. Kelley's Motion to File Motions for Authorization of Funds to Retain Expert Witnesses shall be maintained UNDER SEAL. *See*

*United States v. Scott*, No. 4:18-CR-262, 2019 WL 2502756, at *1, n.1 (S.D. Ga. June 17, 2019).

Further, since the Criminal Justice Act expressly contemplates the procedure for indigent defendants to request expert appointments by making an *ex parte* showing under 18 U.S.C.A. § 3006A(e)(1), the Motion for Authorization of Funds to Retain Expert Witnesses shall be maintained by the Clerk *ex parte*.

This Order and the Motion for Authorization of Funds to Retain Expert Witnesses shall be maintained by the Clerk for this Court's use only.

Finally, since defense counsel and the Court contemplate additional Motions for Authorization of Funds to Retain Expert Witnesses in this case, those Motions may be filed *ex parte* and under seal as well.

SO ORDERED, this the ___5th___ day of March, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3